1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

LEXINGTON INSURANCE
COMPANY, PORT OF GRAYS
HARBOR, AND ENDURIS,

CASE NO. 3:20-cv-05038- RBL

ORDER ON UNITED STATES'
MOTION TO DISMISS

11

Plaintiffs,

v.

12

13

14

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
THE ARMY, UNITED STATES
ARMY CORPS OF ENGINEERS, and
MAB 6 UK, inclusive,

15

Defendants.

16

17

**INTRODUCTION**

18

THIS MATTER is before the Court on Defendants the United States of America, the

19

United States Department of Army, and the United States Army Corps of Engineers'

20

(collectively, the "United States") Motion to Dismiss. Dkt. # 20. Plaintiffs allege that, while

21

conducting military training exercises, the United States damaged property belonging to the Port

22

of Grays Harbor when a helicopter flew too close to a building. These training exercises were

23

carried out pursuant to a Licensing Agreement between the Port and the United States. Plaintiffs

24

claim damage amounting to $405,772, which the Port's insurers, Lexington Insurance Company

1   and Enduris, "paid or will pay" under their policies. Complaint, Dkt. # 1, at 3. The Complaint

2   asserts claims for negligence and breach of contract against the United States. *Id*. at 4-6.

3       The United States seeks dismissal on several grounds. First, the United States argues that

4   Lexington and Enduris cannot bring a negligence claim under the Federal Tort Claims Act

5   (FTCA) because these parties did not exhaust their administrative remedies. As a result, the

6   Court lacks subject matter jurisdiction over Lexington and Enduris. Second, the United States

7   contends that the Court lacks subject matter jurisdiction over both claims because the Tucker Act

8   vests the Court of Federal Claims with exclusive jurisdiction over contractual claims against the

9   United States for more than $10,000. According to the United States, both of Plaintiffs' claims

10  sound in contract. Finally, even if the Court holds that Plaintiffs' FTCA claim does not sound in

11  contract, the United States argues that claim should still be dismissed because Plaintiffs allege a duty

12  arising from a federal regulation, which cannot support an FTCA claim. The Court will consider each

13  of these arguments in turn.

**DISCUSSION**

14

15  **1.     Legal Standards**

16      "A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the action: (1) does not

17  arise under the Constitution, laws, or treaties of the United States, or does not fall within one of

18  the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

19  controversy within the meaning of the Constitution; or (3) is not one described by any

20  jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441

21  RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). The

22  plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc.*

23  *v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). In a "factual attack" on jurisdiction,

24  which is what the United States asserts here, the Court is not restricted to the allegations in the

ORDER ON UNITED STATES' MOTION TO
DISMISS - 2

1    complaint and may consider evidence outside it. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*,

2    594 F.2d 730, 733 (9th Cir. 1979). Further, "[n]o presumptive truthfulness attaches to plaintiff's

3    allegations, and the existence of disputed material facts will not preclude the trial court from

4    evaluating for itself the merits of jurisdictional claims." *Id*.

5          Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable

6    legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

7    *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege

8    facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662,

9    678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual

10   content that allows the court to draw the reasonable inference that the defendant is liable for the

11   misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts,

12   conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper

13   12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007);

14   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

15         On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to

16   amend the pleading was made, unless it determines that the pleading could not possibly be cured

17   by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

18   247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

19   there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v.*

20   *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

21   **2.      Exhaustion of Administrative Remedies under the FTCA**

22         The United States argues that Lexington and Enduris have not exhausted their

23   administrative remedies because, while the Port submitted a claim to the Army (which was

24

ORDER ON UNITED STATES' MOTION TO
DISMISS - 3

1    rejected), its insurers did not. The FTCA waives the United States' sovereign immunity for tort

2    actions and allows plaintiffs to sue in district court if they "first give the appropriate federal

3    agency the opportunity to resolve the claim." *Cadwalder v. United States*, 45 F.3d 297, 300 (9th

4    Cir. 1995) (citing 28 U.S.C. § 2675(a)). "This administrative claim prerequisite is jurisdictional."

5    *Id.* (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir.1992)). It also must be interpreted

6    "strictly" and "in favor of the United States." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250

7    (9th Cir. 2006) (quoting *Jerves*, 966 F.2d at 521). The purpose of the requirement is "to

8    encourage administrative settlement of claims against the United States and thereby to prevent an

9    unnecessary burdening of the courts." *Holloway v. United States*, No. 2:12-cv-02120-MCE-

10   CKD, 2014 WL 1747467, at *4 (E.D. Cal. Apr. 29, 2014) (quoting *Jerves*, 966 F.2d at 520).

11           Although the Ninth Circuit has stated that the FTCA's exhaustion prerequisite "admits to

12   no exceptions," *Vacek*, 447 F.3d at 1250, some courts have nonetheless allowed a subrogee to

13   assert an FTCA claim when only its subrogor had filed an administrative claim. In *Executive Jet*

14   *Aviation v. United States*, 507 F.2d 508, 516 (6th Cir. 1974), the Sixth Circuit held that this

15   complied with the FTCA because "the subrogee stands in the shoes of the subrogor." The court

16   also reasoned that tolling the statute of limitations for the subrogee made sense because the

17   subrogor's administrative claim gave the United States "sufficient notice to begin assembling

18   witnesses and evidence in preparation for a defense on the merits." *Id*. The Ninth Circuit

19   followed *Executive Jet*'s holding in *Cummings v. United States*, 704 F.2d 437, 439 (9th Cir.

20   1983).

21           The Ninth Circuit has more recently expressed doubts about *Executive Jet*'s holding. In

22   *Cadwalder v. United States*, the court observed in dicta that *Executive Jet* "may conflict with the

23   Supreme Court's demand for 'strict adherence to the [FTCA's] procedural requirements.'" 45

24

ORDER ON UNITED STATES' MOTION TO
DISMISS - 4

1   F.3d at 302 n.4 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)). One district court

2   has agreed with *Cadwalder*'s concerns and declined to apply *Executive Jet*. *Sec. Nat. Ins. Co. v.*

3   *United States*, No. 2:13-CV-01594-MCE, 2014 WL 546551, at *4 (E.D. Cal. Feb. 11, 2014),

4   *aff'd*, 637 F. App'x 347 (9th Cir. 2016). However, neither *Cadwalder* nor *Security National*

5   involved situations truly analogous to *Executive Jet*; the former addressed an assignment, rather

6   than a subrogation agreement, 45 F.3d at 301-02, and in the latter neither the subrogor nor the

7   subrogee had filed an administrative claim, 2014 WL 546551, at *4.

8           Here, the Court faces a situation that cannot be so easily distinguished from *Executive*

9   *Jet*; the parties do not dispute that the Port, the injured subrogor, filed a timely administrative

10  claim, after which it initiated this suit along with Lexington and Enduris, the subrogees.[1]

11  Although it has expressed doubts, the Ninth Circuit has followed *Executive Jet* in the past and

12  has not explicitly rejected its reasoning, which this Court agrees with. If one party can stand in

13  the shoes of another through a valid subrogation agreement, their claims are not only related but

14  the same. As such, Plaintiffs complied with the FTCA's requirement that "[a]n action shall not

15  be instituted upon a claim against the United States . . . unless the claimant shall have first

16  presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Because the Port

17  already presented the claim, an action asserting that claim may commence.

18          The United States does not explain how Lexington and Enduris filing their own

19  administrative claims, which would derive entirely from the Port's, could have affected the

20  likelihood of settlement. Nor does the United States dispute that a subrogation agreement exists

21

22  ───────────────────

23  [1] It is worth noting that the Army did not deny the Port's administrative claim until after this
    litigation commenced. Dkt. # 21-1. However, the denial also came over a year after the claim
    was filed. *Id*. In any case, the United States does not base its argument on the fact that this case

24  was filed before the Army formally responded to the Port's claim.

1    between Plaintiffs.[2] Under these facts, dismissing Lexington and Enduris does not serve the

2    purposes of the FTCA and is not required by its language. Consequently, the Court declines to

3    dismiss Lexington and Enduris.

4    **3.       Subject Matter Jurisdiction under the Tucker Act**

5          The United States contends that this Court must dismiss Plaintiffs' breach of contract

6    claim because the Tucker Act vests the Court of Federal Claims with exclusive jurisdiction over

7    such claims. The Tucker Act creates jurisdiction for federal district courts over contract claims

8    against the United States, but only for claims "not sounding in tort" and "not exceeding $10,000

9    in amount." 28 U.S.C. § 1346(a)(2). The Court of Federal Claims has exclusive jurisdiction over

10   Tucker Act claims for more than $10,000 "to the extent that Congress has not granted any other

11   court authority to hear the claims that may be decided by the Claims Court." *Bowen v.*

12   *Massachusetts*, 487 U.S. 879, 910 n.4 (1988).

13         "In other words, the Tucker Act and Little Tucker Act create a presumption of exclusive

14   jurisdiction in the Court of Federal Claims, but that presumption can be overcome by an

15   independent statutory grant of jurisdiction to another court." *Tritz v. U.S. Postal Serv.*, 721 F.3d

16   1133, 1137 (9th Cir. 2013). In *Tritz*, the Ninth Circuit held that the Postal Reorganization Act

17   created jurisdiction and waived sovereign immunity for contract claims against the Postal

18   Service. *Id*. at 1138. Similarly, in *Ward v. Brown*, the Second Circuit concluded that jurisdiction

19   existed under the APA and that the Back Pay Act provided "an explicit waiver of sovereign

20   immunity in cases covered by that act," including the plaintiffs' claims for lost wages. 22 F.3d

21   516, 520 (2d Cir. 1994).

22

23   _____

     [2] United States does repeatedly point out that the Port presented no evidence of such an
24   agreement during the administrative process.

1    Here, Plaintiffs identify no such federal statute creating jurisdiction or waiving sovereign

2    immunity for their contract claim. Instead, they insist that the FTCA's grant of jurisdiction over

3    their tort claim is enough to defeat the presumption of exclusivity for Tucker Act claims.

4    This is incorrect. "It is well understood that any waiver of sovereign immunity must be

5    unequivocally expressed." *Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 848 (9th

6    Cir. 2012). The FTCA does not contain such an unequivocal waiver for breach of contract

7    claims, nor does it establish independent subject matter jurisdiction over such claims. *See Olson*

8    *v. United States*, No. 1:14-CV-3166-TOR, 2015 WL 1865589, at *7 (E.D. Wash. Apr. 23, 2015);

9    *Dunbar-Kari v. United States*, No. CV-F-09-389 LJO SMS, 2010 WL 1172986, at *4 (E.D. Cal.

10   Mar. 23, 2010). 28 U.S.C. § 1367, which establishes supplemental jurisdiction, also does not

11   explicitly waive sovereign immunity or override the presumption of exclusive jurisdiction over

12   Tucker Act claims. *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 922 F. Supp. 273, 286 (D.

13   Ariz. 1996), *aff'd*, 136 F.3d 641 (9th Cir. 1998); *United States v. Park Place Assocs., Ltd.*, 563

14   F.3d 907, 934 (9th Cir. 2009). In short, this Court has no jurisdiction to decide Plaintiffs' breach

15   of contract claim.

16   But the United States' argument that the Court also lacks jurisdiction over Plaintiffs'

17   FTCA claim goes a step too far. "If a plaintiff's claim is 'concerned solely with rights created

18   within the contractual relationship and has nothing to do with duties arising independently of the

19   contract . . . [the] claim is 'founded . . . upon [a] . . . contract with the United States' and is

20   therefore within the Tucker Act and subject to its restrictions on relief.'" *N. Star Alaska v. United*

21   *States*, 14 F.3d 36, 37 (9th Cir. 1994) (quoting *North Side Lumber v. Block*, 753 F.2d 1482, 1486

22   (9th Cir. 1985)). Although the Licensing Agreement cites the FTCA as one source of potential

23   liability for the United States, Plaintiffs' tort claim is for garden-variety negligence and does not

24

1 rely on the Agreement for its existence. Just as an automobile driver has a duty not to drive their

2 car into someone's house, a helicopter pilot has a duty not to fly so low as to damage someone's

3 roof. *See Leyendecker v. Cousins*, 53 Wash. App. 769, 776, 770 P.2d 675, 679 (1989). No special

4 contractual or statutory duty is necessary to establish such a basic principle. Plaintiffs' FTCA

5 claim is therefore not derived solely from their contract with the United States and not subject to

6 the Tucker Act's restrictions on jurisdiction.

7          Plaintiffs argue that they will be severely prejudiced if the Court dismisses their breach of

8 contract claim because the Court of Federal Claims cannot exercise jurisdiction over their FTCA

9 claim, leaving Plaintiffs with no forum where they can bring both claims together. It is true that

10 "28 U.S.C. § 1367 does not confer any jurisdiction upon the United States Court of Federal

11 Claims because only the United States District Courts are authorized to exercise supplemental

12 jurisdiction." *Hood v. United States*, 127 Fed. Cl. 192, 201 n.4 (2016) (quoting *Hall v. United*

13 *States*, 69 Fed. Cl. 51, 57 (2005)). But the Tucker Act does confer jurisdiction over claims

14 "founded . . . upon any express or implied contract with the United States." 28 U.S.C.

15 § 1346(a)(2). Although Plaintiffs' tort claim can exist independent of a contract, the Licensing

16 Agreement also incorporates the FTCA by reference as a potential source of liability for the

17 United States. Dkt. # 9-3 at 1-3. This may be sufficient for the Court of Federal Claims to

18 adjudicate Plaintiffs' FTCA claim. Regardless, this Court has no power to exercise subject

19 matter jurisdiction over the breach of contract claim.

20 **4.      Failure to State a Claim under the FTCA**

21          The United States finally argues that Plaintiffs fail to state a claim for relief under the

22 FTCA because the Complaint cites a federal regulation, Army Regulation (AR) 95-1, § 2-10, as

23 the source of the United States' duty. However, for the same reason that Plaintiffs' FTCA claim

24

1   is independent of the Licensing Agreement, it is also independent of AR 95-1. Although

2   AR 95-1 explicitly regulates helicopter flight patterns, damage caused by helicopter piloting is

3   also governed by common tort law. *Leyendecker*, 53 Wash. App. at 776 ("We conclude that the

4   common law duty to exercise ordinary care is applicable to the defendants with regard to the

5   operation of the helicopter.").

6          This duty is not, as the United States implies, part of the "public duty doctrine," under

7   which state and local governments have a "general duty to the public" but no "actionable duty to

8   a particular individual." *Hungerford v. State Dep't of Corrections*¸ 135 Wash. App. 240, 257

9   (2006). Rather, a person's duty to exercise reasonable care in operating a helicopter fits squarely

10  within the scope of the FTCA, which creates tort liability for the United States "in the same

11  manner and to the same extent as a private individual under like circumstances." *Bush v. Eagle-*

12  *Picher, Indus., Inc.*, 927 F.2d 445, 447 (9th Cir. 1991) (quoting 28 U.S.C. § 2674)). Plaintiffs

13  have not failed to state a claim under the FTCA.

14                                **CONCLUSION**

15         For the above reasons, the United States' Motion to Dismiss is GRANTED in part and

16  DENIED in part. Plaintiffs' breach of contract claim against the United States is DISMISSED

17  without leave to amend.

18         IT IS SO ORDERED.

19         Dated this 4th day of June, 2020.

20

21                                          _____

22                                          Ronald B. Leighton
                                            United States District Judge

23

24

ORDER ON UNITED STATES' MOTION TO
DISMISS - 9